United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GEORGETTE L.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-4404** |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION**

Plaintiff Georgette L. ("Plaintiff") filed this lawsuit against Defendant Frank Bisignano[1] ("Commissioner") seeking review of the denial of benefits under Title II of the Social Security Act. (ECF Nos. 1, 6). Pending before the Court[2] are the Parties' cross-motions for summary judgment (ECF Nos. 6, 10).[3] Based on a review of the motion, arguments, and relevant law, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 6) and **DENIES**

[1] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 12).

[3] Plaintiff filed a "Brief" in support of their suit. (ECF No. 6). Because the filing provides a statement of the case and argues for reversal of the Commissioner's administrative decision, the Court construes the filing as a motion for summary judgment (*id.*). Plaintiff also filed a Reply (ECF No. 11).

Commissioner's Motion for Summary Judgment (ECF No. 10). The Court **FURTHER VACATES** the Commissioner's decision, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

## I. Background

Plaintiff filed a claim for disability insurance benefits on November 21, 2023, alleging disability starting on August 14, 2017. (ECF No. 5-3 at 15).[4] Plaintiff's claims were initially denied by the Social Security Administration on February 13, 2024, and again on reconsideration on June 3, 2024. (*Id.*). On June 18, 2024, Plaintiff requested a hearing before an Administrative Law Judge. (*Id.*). On November 6, 2024, Administrative Law Judge Laura Bach (the "ALJ") held a telephonic hearing. (*Id.*). Plaintiff was represented by counsel at the hearing. (*Id.*). Byron Pettingill, a vocational expert ("VE"), appeared and testified at the hearing. (*Id.*). At the hearing, Plaintiff amended her alleged onset date to May 29, 2019. (*Id.*).

On April 4, 2025, the ALJ issued a decision, finding Plaintiff not disabled at Step Five.[5] (*Id.* at 28–29). At Step One, the ALJ found Plaintiff had not

---

[4] The Administrative Record in this case can be found at ECF No. 5.

[5] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5)

engaged in substantial gainful activity since May 29, 2019, the amended alleged onset date, through her date last insured of September 30, 2022. (*Id.* at 17). At Step Two, the ALJ found Plaintiff has the following severe impairments: "Degenerative Disc Disease, Osteoarthritis of the Hips, Hypertension, Sleep Apnea, Obesity, Major Depressive Disorder, and Post-Traumatic Stress Disorder (20 CFR 404.1520(c))." (*Id.* at 17–18). At Step Three, the ALJ found Plaintiff: "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 18). The ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform a range of work that fell between the light and sedentary ranges of exertion as defined in 20 CFR 404.1567(a). The claimant was able to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently. She was able to stand or walk two hours out of an eight-hour workday and she was able to sit six hours out of an eight-hour workday. She was able to climb stairs or ramps occasionally, but needed to avoid climbing ladders, ropes, or scaffolds. She was able to balance, stoop, kneel, crouch, or crawl occasionally. She needed to avoid exposure to hazards. The claimant was able to understand, remember, and carry out simple instructions and perform simple tasks. She was able to interact occasionally with the general public. She is able to adapt to occasional changes in the work setting.

---

whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

(*Id.* at 20). At Step Four, the ALJ found Plaintiff "has no past relevant work." (*Id.* at 25–26). At Step Five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform—such as a table worker, an optical good[s] bench worker, and a circuit board inspector—and therefore Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 27–28).

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on July 22, 2025. (*Id.* at 2). Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II. Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence

as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

## III. Discussion

Plaintiff argues the ALJ committed harmful error (1) in finding Plaintiff's medically-prescribed walker was not necessary and failing to include limitations in the RFC to account for her need for a walker; and (2) in assessing the opinion evidence of Dr. Moncayo and assessing Plaintiff's RFC without the support of any medical opinions. (ECF No. 6 at 4). Commissioner argues substantial evidence supports the ALJ's finding that Plaintiff was capable of performing a range of sedentary-to-light work but did not require the use of an assistive device in the work setting. (ECF No. 10 at 7). Commissioner also argues the ALJ properly evaluated the medical opinions of record. (*Id.* at 13).

The Court addresses Plaintiff's first argument, which is dispositive in this case, and does not reach the others. *See Kevin C. v. King*, No. 24-cv-353, 2025 WL 746144, at *4 (S.D. Tex. Feb. 18, 2025), *report and recommendation adopted sub nom. Kevin C. v. Dudek*, No. 24-cv-353, 2025 WL 744481 (S.D. Tex. Mar. 6, 2025).

### A. The ALJ's Twelve-Month Continuous Use Finding

The twelve-month continuous-use standard the ALJ applied to assess Plaintiff's need for an assistive device has no basis in the Social Security Administration rulings.

In assessing Plaintiff's RFC, the ALJ acknowledged that Plaintiff was occasionally noted to "exhibit[] a slow, steady gait with use of a rolling walker

due to back and hip pain upon examinations from June 2019 through September 2019" and that Plaintiff "may have required a walker during surgical recovery" from a bilateral L4-L5 hemilaminectomy and discectomy on December 16, 2020. (ECF No. 5-3 at 22, 25). The ALJ noted this procedure was recommended due to "[Plaintiff's] continued complaints of low back pain that radiated into her bilateral lower extremities, associated with intermittent paresthesias, and abnormal findings upon lumbar myelogram." (*Id.* at 21). Despite those findings, the ALJ concluded that "the medical evidence of record fails to support that [Plaintiff's] use of an assistive device during periods of standing and/or walking was medically necessary for a continuous twelve months during the relevant period." (*Id.* at 25). And, at Step Three, the ALJ similarly found that Plaintiff's degenerative disc disease and hip osteoarthritis failed to meet Listings 1.15 and 1.18, respectively, because "the record contains no documentation of a medical need for a walker." (*Id.* at 18). The ALJ therefore did not include an accommodation for an assistive device in the RFC and found Plaintiff "was able to stand or walk two hours out of an eight-hour workday and she was able to sit six hours out of an eight-hour workday." (*Id.* at 20, 23, 25). However, the ALJ's findings are not supported by the governing rulings.

The Social Security Administration's policy interpretation rulings state, "[t]o find that a hand-held assistive device is medically required, there must be

medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9P, 1996 WL 374185, at *7 (1996). An ALJ "must always consider the particular facts of a case" when determining whether a hand-held assistive device is medically required, and such a determination must be based on evidence of the need for such a device and evidence describing the circumstances for which the device is needed. *Id.*; *see also Temple v. Saul*, No. 4:19-cv-3320, 2020 WL 6075644, at *3 (S.D. Tex. Oct. 14, 2020) (citing the same ruling where the plaintiff argued that the ALJ erred by failing to make findings regarding her need for an assistive device). As Plaintiff points out (*see* ECF No. 6 at 7), that ruling asks whether there is medical documentation establishing the need for an assistive device and describing the circumstances requiring the device; however, that ruling contains no durational requirement.

The Commissioner argues the ALJ's assessment was not erroneous because SSR 23-1P provides that the ALJ "will not include limitations in the RFC assessment that completely resolve, or that [the agency] expects to completely resolve, within 12 months." (ECF No. 10 at 12–13 (citing SSR 23-1P)).[6] But that "duration requirement" focuses on whether a medically determinable *impairment* "has lasted or can be expected to last for a

[6] *See* SSR 23-1P, 88 Fed. Reg. 76885-01 (Nov. 7, 2023).

continuous period of at least 12 months." SSR 23-1P, 88 Fed. Reg. 76885-01 (emphasis added); *see also* 42 U.S.C. § 423(d)(1)(A) (defining "disability"); 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement."). The duration requirement does not ask whether a specific *accommodation* for that impairment is continuous for twelve months in the record. Instead, the duration requirement is built into the Step Two finding.

"At step two, the ALJ determines whether any of the claimant's impairments or any combination thereof is severe and has lasted or is expected to last a continuous period of at least twelve months." *Kevin C.*, 2025 WL 746144, at *3 (citing 20 C.F.R. § 404.1520(a)(4)(ii) and 20 C.F.R. § 404.1509). Here, the ALJ found Plaintiff's degenerative disc disease and osteoarthritis of the hips to be "severe impairments." (ECF No. 5-3 at 17–18). It follows that the ALJ already found that those impairments had lasted, or were expected to last, twelve continuous months, even before reaching the RFC. Neither the ALJ's decision nor the Commissioner's brief cites any regulation or authority that a standing, walking, or ambulatory limitation stemming from a severe impairment, which has already cleared the Step Two threshold, requires independent proof that a device used to manage it was continuously used for twelve months.

The Step Three finding is also difficult to square with the record. At Step Three, the ALJ found "the record contains no documentation of a medical need for a walker" (ECF No. 5-3 at 18), but later in assessing the RFC, the ALJ acknowledged there was documented use of a walker from June through September 2019 and a need for a walker during Plaintiff's "surgical recovery" (*id.* at 25). This internal inconsistency in the ALJ's reasoning is significant. For although an "ALJ is not required to discuss each and every piece of evidence in the record, . . . by the same token, a reviewing court may affirm only on the grounds that the Commissioner stated for the decision." *Christian v. Berryhill*, No. 4:15-cv-3714, 2017 WL 1134152, at *12 (S.D. Tex. Mar. 27, 2017) (citation modified); *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("[T]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."). Given the ALJ's failure to fully account for an assistive device in the RFC, this Court must conclude that the ALJ's decision is not supported by substantial evidence. *See, e.g., A.D.V. v. Soc. Sec. Admin.*, No. 14-cv-3223, 2016 WL 3512033, at *4 (W.D. La. Feb. 26, 2016), *report and recommendation adopted*, No. 14-cv-3223, 2016 WL 3538385 (W.D. La. June 22, 2016) (finding no substantial evidence where ample evidence showed plaintiff required cane or walker, but the ALJ did not include that limitation in the RFC or account for it in finding plaintiff capable of performing available jobs).

**B. The ALJ's Assistive Device Finding**

The ALJ's finding that Plaintiff did not require an assistive device is not supported by substantial evidence. The ALJ's finding mainly rests on a list of exhibits reflecting that "[Plaintiff] did not present for treatment with the use of an assistive device upon examinations from April 20, 2020 through June 1, 2022." (ECF No. 5-3 at 25). However, Plaintiff notes, and the Commissioner does not meaningfully dispute, that several of the specific visits during that time were telephonic or video appointments, or mental health visits containing no physical findings. (ECF No. 6 at 7–8). These visits include an April 2020 telephonic visit (ECF No. 5-10 at 185), an October 2020 telephonic visit (*Id.* at 176), and a January 2021 video/telephonic visit where the provider observed Plaintiff in pajamas, in bed, recovering from her recent back surgery (*Id.* at 154–55). The Commissioner's response seemingly concedes the point: "to the extent the ALJ relied on mental health records or telephonic record[s]—which may not necessarily contain a discussion about Plaintiff's observed gait—there were no other records to rely on." (ECF No. 10 at 12). A visit that could not have documented whether Plaintiff was using an assistive device, because it was conducted by telephone or because it addressed only her mental health, does not supply evidence that she was not using an assistive device. *See Temple*, 2020 WL 6075644, at *2 ("A reviewing court must scrutinize the record

as a whole, taking into account whatever in the record fairly detracts from the weight of the evidence supporting the Commissioner's decision.").

Scrutinizing the record, the evidence tends to support Plaintiff's position. As mentioned, the ALJ's decision documents Plaintiff's use of a walker for back and hip pain from June through September 2019. (ECF No. 5-3 at 25).[7] At the hearing, Plaintiff testified that she "experiences pain that limits her ability to sit, stand, and walk" and she "uses a walker daily." (*Id.* at 21). She also described "spending most of the day lying in bed." (*Id.*). Plaintiff required an assistive device in connection with her December 2020 spinal surgery. (*Id.* at 21–22). And her back condition did not seem to fully resolve after surgery, as she received an injection of Toradol and Decadron in August 2021 (*Id.* at 22; *see also* ECF No. 5-9 at 268), and an epidural steroid injection at L4-L5 in October 2021 (*see* ECF No. 5-9 at 111–13, 172–75). Moreover, the ALJ noted a June 2021 MRI, which revealed disc bulging and moderate to severe subarticular recess stenosis. (ECF No. 5-3 at 22). The ALJ further noted a September 2021 "neurosurgical evaluation and treatment of her chronic low back and leg pain," in which the provider found Plaintiff "in moderate distress secondary to pain upon physical examination," with limitations in range of

[7] Plaintiff also cites documentation that Plaintiff was prescribed a cane in June 2017 and was transitioned to a walker in August 2017. (ECF No. 6 at 3, 5–6).

motion, tenderness of her lumbar spine, decreased sensation in the L4 distribution bilaterally, and positive straight-leg raising bilaterally. (*Id.*).[8]

As can be surmised, "medical records show physical conditions that would support the use of such devices and that a walker would be provided to Plaintiff. . . . Accordingly, the Commissioner has not established that the ALJ's decision is supported by substantial evidence." *Temple*, 2020 WL 6075644, at *5.

**C. The ALJ's Error Is Prejudicial**

"This Court requires . . . a showing that the claimant was prejudiced by the agency's failure to follow a particular rule before such a failure will be permitted to serve as the basis for relief from an ALJ's decision." *Kevin C.*, 2025 WL 746144, at *6 (citations omitted). "Prejudice can be established by showing that the additional considerations 'might have led to a different decision.'" *Id.* (citations omitted); *see also Temple*, 2020 WL 6075644, at *5 ("In Social Security cases, prejudice exists when the ALJ might have reached a different conclusion absent the error.")

[8] While the Commissioner emphasizes, and the ALJ pointed out, that at the same September 2021 neurosurgical evaluation, Plaintiff exhibited 5/5 motor strength in her bilateral upper and lower extremities and a normal gait (ECF No. 10 at 9), a single visit's observation of an unaided gait does not resolve whether Plaintiff also had a continuing need for an assistive device for prolonged standing or walking, *see* SSR 96-9p, 1996 WL 374185, at *7 (providing that there must be medical documentation "describing the circumstances" for which an assistive device is needed "(i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)").

At the hearing, the VE testified that a person who required using a walker could not work in the national economy. (ECF No. 5-3 at 55–56). The ALJ's decision does not address this testimony. Because Plaintiff has no past relevant work, the VE's testimony directly bears on the Step Five finding that jobs exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 26–27). Indeed, had the ALJ evaluated Plaintiff's need for an assistive device, the ALJ might well have included a corresponding limitation in the RFC. In that case, based on the VE's testimony, perhaps no jobs would have existed that Plaintiff could perform. The error was therefore prejudicial, and remand is required. *See Temple*, 2020 WL 6075644, at *5 ("Here, had it not been for the ALJ's error, the ALJ might well have found that Plaintiff was limited because she needed to use a cane or walker at work, and that finding could well have led the ALJ to arrive at a different conclusion as to whether Plaintiff is disabled. . . . Indeed, at the hearing, the vocational expert testified that the job of a cashier or child monitor (i.e., Plaintiff's past relevant work) could be not performed while using a cane. . . . On this record, then, the ALJ committed reversible error . . . .").[9]

[9] Plaintiff also argues that the ALJ erred in evaluating the opinion evidence of Dr. Moncayo and in assessing the RFC without the support of any medical opinion. (ECF No. 6 at 9–11; ECF No. 11 at 4–6). Because remand is warranted based on the ALJ's error in evaluating Plaintiff's need for an assistive device, the Court need not reach these additional arguments. Plaintiff is free to raise such arguments on remand, and the agency should in any event consider them in reaching a new decision. The Court does not express any opinion on what RFC the ALJ should find on remand or on whether Plaintiff is disabled. *See Kevin*

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 6) and **DENIES** Commissioner's Motion for Summary Judgment (ECF No. 10). The Court **FURTHER VACATES** the Commissioner's decision, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion. The Court will enter a separate final judgment.

**SIGNED** in Houston, Texas on August 27, 2026.

Richard W. Bennett
United States Magistrate Judge

*C.*, 2025 WL 746144, at *6. Should an unfavorable decision result on remand, nothing in this Court's present Memorandum Opinion will prevent Plaintiff from seeking judicial review based on these arguments. *See Temple*, 2020 WL 6075644, at *5 n.2.