United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GEORGETTE DEANN LAWTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-4404** |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

# MEMORANDUM OPINION

Pending before the Court[1] is Defendant Frank Bisignano's[2] ("Commissioner") Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). (ECF No. 15). Based on a review of the motion, arguments, and relevant law, the Court **DENIES** Commissioner's Motion (*id.*).

## I. Background

Plaintiff filed a claim for disability insurance benefits on November 21, 2023, alleging disability starting on August 14, 2017. (ECF No. 5-3 at 15).

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 12).

[2] Frank Bisignano was sworn in as the Commissioner of Social Security on May 7, 2025. Bisignano is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Plaintiff's claims were initially denied by the Social Security Administration on February 13, 2024, and again on reconsideration on June 3, 2024. (*Id.*). On June 18, 2024, Plaintiff requested a hearing before an Administrative Law Judge. (*Id.*). On November 6, 2024, Administrative Law Judge Laura Bach (the "ALJ") held a telephonic hearing. (*Id.*). On April 4, 2025, the ALJ issued a decision, finding Plaintiff not disabled at Step Five. (*Id.* at 28–29). Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on July 22, 2025. (*Id.* at 2). Plaintiff filed suit against Commissioner seeking review of the denial of benefits under Title II of the Social Security Act. (ECF Nos. 1, 6). The Parties filed cross-motions for summary judgment (ECF Nos. 6, 10).

On August 27, 2026, the Court granted Plaintiff's Motion for Summary Judgment (ECF No. 6) and denied Commissioner's Motion for Summary Judgment (ECF No. 10). (ECF No. 13). In its Memorandum Opinion, the Court found that the twelve-month continuous-use standard the ALJ applied to assess Plaintiff's need for an assistive device was not supported by the Social Security Administration rulings. (*Id.* at 7–9). The Court noted that the ruling regarding the necessity of a hand-held assistive device, SSR 96-9P, asks whether there is medical documentation establishing the need for such an assistive device and describing the circumstances requiring the device;

however, the Court noted that the ruling contains no durational requirement. (*Id.* at 7–8). Separately, the Court found that another ruling, SSR 23-1P, encompassing a "duration requirement," focuses on whether a medically determinable *impairment* has lasted or can be expected to last for a continuous period of at least 12 months. (*Id.* at 8–9 (emphasis in original)). In short, the Court reasoned that the duration requirement does not ask whether a specific accommodation for an impairment is continuous for twelve months in the record. (*Id.* at 9). The Court further found that the record contained documentation of Plaintiff's use of a walker in 2019 and during her surgical recovery; therefore, because the ALJ did not fully account for an assistive device in the RFC, the Court concluded that the ALJ's decision was not supported by substantial evidence and was prejudicial error. (*Id.* at 10–13). Accordingly, the Court vacated the Commissioner's decision, remanded the matter to the Commissioner for further proceedings, and entered a final judgment. (*Id.* at 15; ECF No. 14).

On September 22, 2026, Commissioner timely moved to amend the Opinion pursuant to Rule 59(e), requesting that the Court correct a purported misstatement of law—specifically "requesting that the Court amend its Opinion as to the broad proclamation that SSR 23-1p does not have any bearing on the RFC analysis, but rather, is limited to Step Two findings." (ECF

No. 15 at 2). Commissioner contends that not only are impairments subject to the duration requirement, but also the limitations stemming from those impairments. (*Id.* at 3). However, the Commissioner concedes that he "is not asking the Court to change its ultimate decision reversing and remanding the matter, as he is not seeking reconsideration of the Court's ruling that the ALJ did not fully consider and account for an assistive device in the residual functional capacity (RFC)." (*Id.* at 1, 2).

Plaintiff has not responded, and the time for doing so has passed. The motion is therefore ripe for decision.

## II. Legal Standard

Motions for reconsideration under Rule 59 serve a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Thus, a court may grant a motion for reconsideration and alter or amend a judgment to "(1) accommodate an intervening change in controlling law; (2) account for newly discovered evidence; or (3) correct a manifest error of law or fact." *Trevino v. City of Ft. Wor.*, 944 F.3d 567, 570 (5th Cir. 2019). "A Rule 59(e) motion must 'clearly establish' one of these categories to obtain relief." *Callis v. Lumpkin*, No. 6:20-cv-060, 2022 WL 112030, at *1 (S.D. Tex. Jan. 12, 2022) (quoting *Lamb v.*

*Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019)). Importantly, a motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor should it be used to introduce evidence that was available prior to the entry of judgment or to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Richard v. Davis*, No. 17-cv-1811, 2017 WL 6761825, at *1 (S.D. Tex. Nov. 27, 2017) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

## III. Discussion

Here, Commissioner does not show an intervening change in law, the emergence of new evidence, or a manifest error of law or fact. Instead, Commissioner merely requests an amendment of the Opinion to clarify the relationship between SSR 23-1P and the RFC analysis. However, as the Commissioner concedes, SSR 23-1P's durational requirement goes to a claimant's impairments and limitations. (ECF No. 15 at 3). This does not contradict the Court's Opinion, which found: "[SSR 23-1P's] 'duration requirement' focuses on whether a medically determinable *impairment* 'has lasted or can be expected to last for a continuous period of at least 12 months.' . . . The duration requirement does not ask whether a specific *accommodation* [(like an assistive device)] for that impairment is continuous for twelve months

in the record." (ECF No. 13 at 8–9 (emphasis in original)). To be sure, the Court distinguished an impairment, like Plaintiff's degenerative disc disease and osteoarthritis that are subject to the durational requirement, from a specific accommodation for that impairment, like Plaintiff's documented walker that is not the focus of the durational requirement. (ECF No. 13 at 7–9). The Code of Federal Regulations also describes the RFC assessment in terms of evaluating impairments and limitations that relate to a claimant's physical abilities, but it does not point to accommodations or assistive devices in similar terms. Section § 404.1545(a)–(b) states:

> (a) General —
>
> > (1) Residual functional capacity assessment. Your **impairment(s)**, and **any related symptoms, such as pain**, may cause **physical** . . . **limitations** that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record.
> >
> > . . . .
> >
> > (3) Evidence we use to assess your residual functional capacity. . . . We will also consider descriptions and observations of your **limitations from your impairment(s)**, including **limitations that result from your symptoms, such as pain** . . . .
> >
> > . . . .
>
> (b) Physical abilities. When we assess your **physical abilities**, we first assess the nature and extent of your **physical limitations** and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain **physical demands of work activity**, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other **physical functions** (including manipulative or postural functions, such as reaching,

> handling, stooping or crouching), may reduce your ability to do past work and other work.

(emphasis added).

Commissioner also interprets the Opinion as positing a "broad proclamation that SSR 23-1p . . . is limited to Step Two findings." (ECF No. 15 at 2). Not so. Commissioner is incorrect that the Court stated a broad proclamation that SSR 23-1p is limited to Step Two; the Court reasoned that SSR 23-1P's duration requirement is *built into* the Step Two finding because at that step, "the ALJ determines whether any of the claimant's impairments or any combination thereof is severe and has lasted or is expected to last a continuous period of at least twelve months." (*See* ECF No. 13 at 9; *Kevin C. v. King*, No. 24-cv-353, 2025 WL 746144, at *3 (S.D. Tex. Feb. 18, 2025), *report and recommendation adopted sub nom. Kevin C. v. Dudek*, No. 24-cv-353, 2025 WL 744481 (S.D. Tex. Mar. 6, 2025) (citing 20 C.F.R. § 404.1520(a)(4)(ii) and 20 C.F.R. § 404.1509)).

The Court concluded that the ALJ's decision was thus not supported by substantial evidence because the ALJ failed to fully consider the documented use of a walker in the record and account for it into the RFC. (ECF No. 13 at 10). What's more, Commissioner submits that he "is not requesting that the Court amend its order to find in favor of the Commissioner." (ECF No. 15 at 1).

A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit has cautioned that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *See Templet*, 367 F.3d at 479. Commissioner has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. As such, the Court finds Commissioner has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case. *See Townsel v. White*, No. 1:20-cv-18, 2020 WL 3669937, at *1 (N.D. Miss. July 6, 2020) ("[C]onstruing the Plaintiff's filing liberally, he appears to argue that the Court made a manifest error in fact . . . . However, the Plaintiff has provided nothing to support his contention and appears to simply be dissatisfied with the Court's ruling. In other words, the Plaintiff has provided the Court nothing new to consider, and the Court therefore finds that its initial ruling should remain unchanged.").

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Commissioner's Motion to Alter or Amend Judgment. (ECF No. 15).

It is **SO ORDERED**.

**SIGNED** in Houston, Texas on October 15, 2026.

Richard W. Bennett
United States Magistrate Judge